IN RE PULLINS.

(No. 4786—Decided November 3, 1952.)

*Miss Mildred I. Givets,* for petitioner.

*Mr. C. William O'Neill,* attorney general, and *Mr. Larry H. Snyder,* for respondents.

HORNBECK, P. J.   Petitioner seeks by writ of habeas corpus his release from the Ohio Penitentiary upon the claim that his sentence of five to thirty years upon conviction of burglary and larceny has expired.   Petitioner was received at the penitentiary on July 2, 1915.

The facts developed are that petitioner was sentenced on July 1, 1915, was received at the penitentiary on July 2, 1915, escaped from the penitentiary on September 16, 1917, was committed to the penitentiary of the state of South Dakota on March 16, 1921, was released by writ of habeas corpus on February 2, 1944, and was immediately returned to the Ohio Penitentiary, where he has been continuously incarcerated since his return.

Manifestly, the petitioner has been imprisoned for more than 30 years, the maximum duration of the original sentence.   However, of the total period served in prison, 23 years, 10 months and 16 days were served in South Dakota.   The total period served in the Ohio Penitentiary is something over ten years.

It is the contention of counsel for the petitioner that the sentence served in the South Dakota Penitentiary should be considered as having run concurrently with the sentence served in the Ohio Penitentiary, and that Section 13453-6, General Code, does not have application to require the further retention of petitioner in the Ohio Penitentiary.

Counsel for respondents cite cases from several states, tending to support the contention that the petitioner is not entitled to release independently of statutory provision.   Counsel for petitioner attempts to distinguish the facts in this case from those found in

*Henderson* v. *James, Warden,* 52 Ohio St., 242, 39 N. E., 805, 27 L. R. A., 290, in which it was held:

"An escaped convict who is convicted and sentenced to the penitentiary for another crime, may, at the expiration of the latter sentence, be held to serve out the remainder of his first sentence."

In that case, Henderson had been received at the Ohio Penitentiary on September 18, 1879, to serve a five-year sentence from Warren county. In about two years he escaped from the penitentiary and was at large until March 16, 1891, when he was again received at the penitentiary, under the name of Carrol Scott, on a five-year sentence from Cuyahoga county. The court which sentenced Henderson did not know that Scott was one and the same person as Henderson, and it was claimed, although not proved, that the warden at the penitentiary knew of the real identity of Scott. At the termination of the sentence from Cuyahoga county, the warden held Henderson for further imprisonment under his first sentence. Thereupon, Henderson instituted his action in habeas corpus with the result as hereinbefore quoted. It is obvious that Henderson had a more plausible reason to urge that his sentences were concurrent than does the petitioner here. Both sentences had been imposed in Ohio and both sentences were being served in the same institution. Had the court in Cuyahoga county known that Scott and Henderson were the same person and had it not fixed any period of time of the sentence imposed, the presumption would have been under the common law that the terms were to run concurrently. In the instant case the judge who sentenced the petitioner in South Dakota would have had no power to make any order affecting the duration of the sentence imposed in the Ohio court.

Independently of any adjudication, we are satisfied

that the express terms of Section 13453-6, General Code, control and determine this action. That section reads:

"If a convict escape from the penitentiary or reformatory, the time such convict is so absent shall not be credited as a part of the time for which he was sentenced."

The language, "is so absent," is referable to "escape from the penitentiary." That is to say, if a convict is absent by reason of escape from the penitentiary, the time of such absence shall not be credited as a part of the time for which he was sentenced. There cannot be the slightest doubt that the period during which petitioner was away from the penitentiary, either at large or in the South Dakota Penitentiary, was an absence from the Ohio Penitentiary because of his escape therefrom.

The petitioner is properly held by the respondent warden under the mittimus from Clark county.

*Petitioner remanded to custody.*

WISEMAN and MILLER, JJ., concur.